UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JEREMY MADDY,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:18-cv-363

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

# REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE AND AFFIRMED; AND (2) THIS CASE BE CLOSED ON THE COURT'S DOCKET

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 12), the administrative record (doc. 6), and the record as a whole.[3]

## I.

**A. Procedural History**

Plaintiff filed for DIB and SSI alleging a disability onset date of May 20, 2015. PageID 1202. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*,

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

vaso-vagal syncope,[4] lumbar degenerative disc disease, obesity, anxiety, and depression. PageID 42.

After an initial denial of his application, Plaintiff received a hearing before ALJ Mark Hockensmith on February 28, 2018. PageID 57-79. The ALJ issued a written decision on April 13, 2018 finding Plaintiff not disabled. PageID 40-51. Specifically, the ALJ found at Step 5 that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[5] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 44-51.

Thereafter, the Appeals Council denied Plaintiff's request for a review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 24-27. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.    Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 40-51), Plaintiff's Statement of Errors (doc. 8) and the Commissioner's memorandum in opposition (doc.

---

[4] "Vasovagal syncope occurs when the body overreacts to certain triggers, such as the sight of blood or extreme emotional distress. It is also called neurocardiogenic syncope. *See* http://www.mayoclinic.org/diseases-conditions/vasovagal-syncope/home/ovc-20184773. 'Vasovagal syncope is usually harmless and requires no treatment,' but it's possible to injure oneself during a vasovagal syncope episode. *Id*. One common trigger of vasovagal syncope includes standing for long periods of time. *See* http://www.mayoclinic.org/diseases-conditions/vasovagal-syncope/symptoms-causes/dxc-20184778." *Therrell v. Berryhill*, No. 1:15-cv-00782-LF, 2017 U.S. Dist. LEXIS 61324, at *12 n. 7 (D. N.M. Apr. 21, 2017)

[5] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id*. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

12). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability Defined"

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability"

4

includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

Plaintiff argues that the ALJ erred in: (1) evaluating the medical evidence of record; and (2) posing incomplete hypotheticals to the Vocational Expert ("VE") and relying on answers to the same. PageID 1204-07.

Having carefully reviewed the administrative record and the parties' briefs, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue, the Court finds the ALJ carefully and reasonably developed and reviewed the record, appropriately considered the medical evidence at issue, accurately determined Plaintiff's RFC, and rendered a non-disability decision properly based on the evidence before him. Accordingly, the Court finds the ALJ's non-disability decision supported by substantial evidence.

### A. Medical Evidence

Plaintiff first argues that the ALJ erred in "focus[ing] on the failed testing that [Plaintiff] underwent to evaluate his blackouts." PageID 1204. However, statements by Plaintiff about his pain or symptoms will not alone establish that he is disabled. 20 C.F.R § 404.1529(a). The ALJ rightfully considered, *inter alia,* Plaintiff's brain MRI's, CT scans, chest x-rays, and EKGs, all of which revealed normal findings and undermined his testimony regarding blackouts. *See, e.g.,* PageID 46. Indeed, the ALJ is obligated to consider whether Plaintiff's testimony is consistent with the objective medical evidence. 20 C.F.R. § 404.1529(c)(4) ("We will consider… the extent to which there are any conflicts between your statements and… laboratory findings"). Plaintiff fails to point to any authority indicating contrarily, and his first argument thus lacks merit.

### B. VE Testimony

Plaintiff next argues that the ALJ erred in posing incomplete hypotheticals to the VE and relying on the VE's answers to the same. PageID 1205-06. Specifically, Plaintiff contends that the ALJ's hypotheticals did not reflect the functional limitations caused by his blackouts and doctor's appointments. *Id.* At Step Five, the ALJ may rely on the VE's testimony -- to establish that significant jobs exist in the national economy that Plaintiff can perform -- only where "the vocational expert's testimony was in response to a hypothetical question that accurately reflected [Plaintiff's] impairments." *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 467 (6th Cir. 2003).

Here, in calculating Plaintiff's RFC, the ALJ plainly explained that he considered how Plaintiff's blackouts would impact his functional abilities. *See, e.g.*, PageID 48 ("the claimant's history of blackouts would cause additional sitting, standing, and bending limits"). The ALJ consequently precluded Plaintiff from standing and walking for more than four hours total and more than thirty minutes at a time. PageID 44. At Plaintiff's hearing, the ALJ posed a hypothetical to the VE that included this limitation. PageID 76. Plaintiff failed to identify any evidence demonstrating that his blackouts require greater limitations or that his doctor's appointments would cause him to be absent two days a month.[6] It is Plaintiff's burden to prove his disability, and the ALJ need only include in the RFC those limitations that he or she accepts as credible. *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). Accordingly, the ALJ ultimately determined Plaintiff had the RFC -- consistent with the hypotheticals posed to the VE -- to perform a reduced range of light work. In so doing, the ALJ properly considered all of Plaintiff's impairments, posed hypotheticals to the VE reflecting the same, and thus did not err in relying on the VE's testimony in finding Plaintiff not disabled.

## IV.

For the foregoing reasons, the Court finds Plaintiff's assignments of error unmeritorious. **IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found supported by substantial evidence, and **AFFIRMED**; and (2) this case be **CLOSED**.

---

[6] In support of this argument, Plaintiff proffers only that the ALJ overlooked his testimony that he had seven doctor's appointments the following week. PageID 1205-06. First, an ALJ need not discuss every piece of evidence in the record for his decision to stand. *Thacker v. Comm'r of Soc. Sec.*, 99 F. App'x 661, 665 (6th Cir. 2004). Second, it would be entirely within the ALJ's "zone of choice" to conclude that the doctor's appointments would not cause Plaintiff to be absent two times per month. *C.f. Vandevoort v. Berryhill*, 3:16-CV-05493-DWC, 2017 U.S. Dist. LEXIS 14164, at *25-26 (W.D. Wash. Jan. 31, 2017) (finding complete hypothetical posed to the VE over Plaintiff's argument that the ALJ overlooked that "he will frequently be absent from work for half days or whole days in order to attend medical appointments").

7

Date:   November 6, 2019                    s/ Michael J. Newman                
                                            Michael J. Newman
                                            United States Magistrate Judge

# **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).